### No. 2425.—WALLACE & Co. v. J. J. MARION.

An action to enforce the payment of a debt can not be defeated by a peremptory exception,. that the action should be one for the settlement of a partnership, unless it be shown affirmatively that a partnership exists.

A defense in reconvention founded on an agreement that the defendant was to have five per cent. on the amount of the net profits of the establishment as a salary as clerk in the store can not be enforced until the debts due it are collected.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Grant · & Fellowes*, for plaintiffs and appellees. *Koontz & Elliott*,. for defendant and appellant.

HOWELL, J. Plaintiffs claim the sum of $490 62 as cash loaned to the defendant, who pleads a reconventional demand for a balance due him in the net profits of the house of Wallace & Co. under an agreement between the parties. He also filed what he terms a peremptory exception that this suit should be for a settlement of partnership. This. exception was properly overruled, as the written agreement between the parties declared that no partnership existed or was established between them.

The sum claimed is the amount drawn by defendant in excess of the amount which was guaranteed to him as a salary under the agreement. According to this agreement, defendant was to receive as a salary five per cent. on the net profits, which per cent. was guaranteed to make a specified amount. The profits were to be ascertained by taking an account of the stock at the expiration of the term of employment, but the debts due the firm at the time, in which the defendant is interested, shall be collected in ordinary course by the firm, and not estimated with the stock.

It is shown that at the date of the trial of this suit in the court below, debts to a large amount were uncollected, and that the sum received by defendant exceeded the guaranteed amount of the net profits by the sum claimed, and that five per cent. on the profits as shown by the stock and sales would not make the sum guaranteed. By the terms of the agreement, defendant is not entitled to five per cent. on the outstanding debts until they are collected, and hence if he has drawn or received a greater sum than was due him at the expiration of his term of service, he can be made to return the excess. *Non con stat* that these debts will ever be collected. He must, under his agreement, wait until enough is collected to make the five per cent. thereon equal the sum guaranteed, and then he may demand five per cent. on all sums thereafter collected. Upon this principle the judgment in favor of plaintiffs is correct.

Judgment affirmed.